UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1243-JLS (DFMx)              Date: June 16, 2016
Title: Peter Nguyen v. Durham School Services L.P. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                            Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 20)**

      Before the Court is Plaintiff Peter Nguyen's motion to remand this matter to state court. (Mot., Doc. 20.) Defendant Durham School Services, L.P. opposes the Motion. (Opp., Doc. 23.) Nguyen replied. (Reply, Doc. 25.) The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing scheduled for June 17, 2016 at 2:30 p.m. is VACATED. For the reasons stated below, the Court DENIES Nguyen's Motion.

**I.**     **BACKGROUND**

      From February 2010 through July 25, 2014, Nguyen was employed by Durham as a mechanic performing maintenance and safety inspections on buses. (Complaint ¶¶ 8, 23, Doc. 1-1.) Nguyen brought the instant action against Durham and Defendant Jim Eslinger, who served as Nguyen's direct supervisor from January 17, 2014 until his termination. (*Id.* ¶¶ 7, 10.) Nguyen alleges Durham retaliated against him because of his "whistleblowing action" and because he "engag[ed] in a protected activity," namely, filing two complaint letters with his supervisors. (*Id.* ¶¶ 7, 24, 92.) Additionally, Nguyen asserts two causes of action – for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress, respectively – against both Durham and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 15-1243-JLS (DFMx)                                          Date: June 16, 2016
Title: Peter Nguyen v. Durham School Services L.P. et al.

Eslinger.  (*Id.* ¶¶ 96-103.)  The emotional distress is alleged to have resulted from the aforementioned retaliation.  (*Id.*)

Nguyen's Complaint asserts that he is a resident of Orange County, California.  (*Id.* ¶ 1.)  Additionally, Durham is alleged to be "a California corporation doing business in the County of Orange[.]"  (*Id.* ¶ 2.)  Finally, Nguyen states that Eslinger is a resident of Orange County.  (*Id.* ¶ 3.)  Durham removed this action on August 5, 2015 on grounds that the Court possesses diversity jurisdiction.  (Notice of Removal ¶ 9, Doc. 1.)  Contrary to the allegations in the Complaint, Durham denies that it is a citizen of California and, instead, asserts that it is a limited partnership consisting of two limited liability companies organized under Delaware law.  (*Id.* ¶ 13.)  Moreover, Durham contends, each of these companies has only a single member, which is itself a limited liability company organized in Delaware with its principal place of business in Illinois.  (*Id.*)[1]  Although the parties do not dispute that Eslinger is a resident of California, Durham contends "his citizenship is irrelevant because he was fraudulently joined to defeat jurisdiction[.]"  (*Id.* ¶ 15.)  The instant Motion followed.

## II.  LEGAL STANDARD

When reviewing a notice of removal, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states.  *See* 28 U.S.C. § 1332(a).  Section 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris*

---

[1] Nguyen's Motion does not challenge Durham's representations concerning its citizenship.  Instead, the Motion is entirely devoted to the purportedly fraudulent joinder of Eslinger.

**CIVIL MINUTES – GENERAL**                         2

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-1243-JLS (DFMx) | Date: June 16, 2016 |
| Title: Peter Nguyen v. Durham School Services L.P. et al. | |

*v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Nevertheless, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

### III. DISCUSSION

The crux of Nguyen's argument is straightforward: the case must be remanded "because [Defendant Eslinger] was a California citizen at the time the action was filed, and the action was removed from California state court in violation of 28 U.S.C. § 1441(b)." (Mot. at 1.) Durham does not challenge that Eslinger is a California resident. (Notice of Removal ¶ 15.) Instead, Durham contends that "Eslinger is, in fact, a sham defendant and his citizenship should be ignored." (Opp. at 1.) In part, Durham supports this contention by arguing that "Eslinger cannot be liable for [Nguyen's] IIED or NIED claims because these claims are preempted by the California Workers' Compensation Act ("WCA")[.]" (Opp. at 7.)[2] Therefore, Durham contends, Eslinger was fraudulently joined and his citizenship does not defeat complete diversity.

In relevant part, California Labor Code §§ 3600 and 3601 provide that "the right to recover [workers] compensation . . . is . . . the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment[.]" Cal. Lab. Code §§ 3600-01. That is, where "the alleged wrongful conduct . . . occurred at the worksite, in the normal course of the employer-employee relationship," then "workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted." *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 902 (2008) (citations omitted).

___

[2] Durham raises several additional arguments intended to show that Eslinger was fraudulently joined or otherwise that his citizenship should not be considered for purposes of evaluating complete diversity. (Opp. at 5-7.) However, because the issue of WCA preemption is dispositive in this case, the Court need not consider Durham's remaining arguments.

___

**CIVIL MINUTES – GENERAL** 3

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-1243-JLS (DFMx) | Date: June 16, 2016 |
| Title: Peter Nguyen v. Durham School Services L.P. et al. | |

  This general rule, however, is subject to two exceptions: first, where the employer's conduct "contravenes public policy," and, second, where an employer's conduct "exceeds the risks inherent in the employment relationship." *Id.*  Here, the only claims Nguyen asserts against Eslinger are for IIED and NIED.  (Complaint ¶¶ 96-103.)  These claims purportedly arise from Defendants' "relentless retaliation against Plaintiff."  (*Id.*)  Defendants' retaliation, in turn, was in response to both Nguyen's "whistle-blowing action" and to his workplace complaints.  (*Id.*)  In short, Nguyen contends that Durham and Eslinger retaliated against him for whistleblowing and for submitting two complaint letters, and that this retaliation caused him emotional distress.  (*See generally* Complaint, Doc. 1-1.)

  Because California's WCA is the "exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment," Cal. Lab Code § 3601(a), Nguyen must argue that his IIED and NIED causes of action against Eslinger fall into one of the two aforementioned exceptions.  A careful review of California Supreme Court precedent, however, makes clear that Nguyen's claims are precluded by California's WCA.  First, as to the "public policy" exception, the California Supreme Court has expressly limited its application to "common law claims of wrongful termination in violation of public policy," also referred to as "*Tameny* claims."  *Miklosy*, 44 Cal. 4th at 898.  Thus, Nguyen cannot rely on the "public policy" exception to save his claims for emotional distress.  *See id.* at 902-03 ("The exception for conduct that 'contravenes fundamental public policy' is aimed at permitting a *Tameny* action to proceed despite the workers' compensation exclusive remedy rule.").

  In the alternative, Nguyen contends that his "claims for IIED fall outside the inherent risks of employment." (Mot. at 14.)  However, this argument likewise fails.  In *Shoemaker v. Myers*, 52 Cal. 3d 1 (1990), the California Supreme Court considered an IIED claim based, in part, on allegations of whistleblower retaliation.  *Id.* at 25-26.  Nguyen's IIED and NIED claims likewise rely on allegations of whistleblower retaliation.  (Complaint ¶¶ 96-103.)  Moreover, the IIED claims in *Shoemaker*, like those in the instant case, also "pleaded certain facts designed to show that defendants' conduct was intentional, malicious and outrageous[.]"  *Compare Shoemaker*, 52 Cal. 3d at 25, *with* Complaint ¶¶ 11, 16, 98.  Nevertheless, the California Supreme Court held that such

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-1243-JLS (DFMx) | Date: June 16, 2016 |
| Title: Peter Nguyen v. Durham School Services L.P. et al. | |

IIED claims are preempted by the WCA because "[t]he kinds of conduct at issue (e.g., discipline or criticism) are a normal part of the employment relationship." *Shoemaker*, 52 Cal. 3d at 25. Moreover, "even if such conduct may be characterized as intentional, unfair or outrageous, it is nevertheless covered by the workers' compensation exclusivity provisions." *Id; see also Langevin v. Fed. Express Corp.*, No. CV 14-08105 MMM (FFMx), 2015 WL 1006367, at *12 (C.D. Cal. Mar. 6, 2015) ("As the *Miklosy* Court observed, 'whistleblower retaliation is [] a risk inherent in the employment relationship.'"). Because the California Supreme Court has made clear that IIED claims premised on allegations of whistleblower retaliation do not fall outside the "inherent risks of employment," Nguyen also cannot avoid the WCA's exclusivity rule on this ground.

Two remaining issues warrant consideration. First, the Court agrees with the decisions of other courts in the Ninth Circuit that the reasoning of *Miklosy* and *Shoemaker* applies with equal force to Nguyen's NIED claim. *See Bracke v. Cty. of L.A.*, 60 Fed. Appx. 120, 121 (9th Cir. 2003) ("Summary judgment was also appropriate . . . Bracke's NIED and IIED claims, because those claims are barred by California's Worker's Compensation Act."); *Martinez v. United Parcel Serv., Inc.*, No. CV 12-8089 SJO (JCGx), 2013 WL 3389550, at *6-7 (C.D. Cal. July 8, 2013) (holding that plaintiff's IIED and NIED claims are precluded by California's WCA); *Grotz v. Kaiser Found. Hosps.*, No. C-12-3539 EMC, 2012 WL 5350254, at *10 (N.D. Cal. Oct. 29, 2012) (concluding that after *Miklosy* and *Shoemaker* the WCA bars an NIED claim).

Second, Nguyen cannot escape the holdings in *Shoemaker* and *Miklosy* by basing his second cause of action – for retaliation for engaging in a protected activity (Complaint ¶¶ 35-37) – on conduct other than his purported whistleblowing activity. Although Nguyen alleges that on two occasions he sent a "complaint letter" to his supervisors (*id.* ¶¶ 21, 24), these letters primarily concerned Eslinger's purported "discrimination, harassment[,] and retaliation" and Eslinger's use of "hurtful words" (*id.* ¶ 21). In turn, this activity appears to relate back to Nguyen's alleged efforts to "note defects and irregularities on [Durham's] buses." (*Id.* ¶¶ 11 ("In retaliation for Plaintiff's inspection sheets . . . Eslinger started to undermine Plaintiff's performance. Plaintiff was always bullied and harassed by Defendant Eslinger."), 15.) Therefore, because Nguyen's second cause of action, like his first, is ultimately premised on his purported whistleblowing

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 15-1243-JLS (DFMx) | Date: June 16, 2016 |
| Title: Peter Nguyen v. Durham School Services L.P. et al. | |

activity, the Court concludes this claim is also barred by the California Supreme Court's decisions in *Shoemaker* and *Miklosy*.

In sum, the Court concludes that California's WCA bars Nguyen's IIED and NIED claims against Eslinger.  Therefore, because Nguyen "fails to state a cause of action against [Eslinger], and the failure is obvious according to the settled rules of the state," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), the Court finds that Eslinger was fraudulently joined.  Accordingly, Eslinger's domicile must be set aside for purposes of complete diversity and Nguyen's Motion must be denied.

## IV.   CONCLUSION

For the reasons stated above, the Court DENIES Nguyen's Motion to Remand.

Initials of Preparer:  tg

---